IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 7 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-02558-BNB

DOSSIE L. HOWARD,

    Applicant,

v.

DENVER DIST. COURT, Rm. 20,

    Respondent.

---

ORDER DIRECTING APPLICANT TO FILE
AN AMENDED APPLICATION

---

Applicant Dossie L. Howard is incarcerated at the Colorado Department of Corrections and currently is housed at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Howard has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Application liberally because Mr. Howard is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Howard will be ordered to file an Amended Application.

Mr. Howard's Application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and

plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In the Application, Mr. Howard claims that his case was dismissed and then brought back, that he lost his "mittumus" [sic], that he was rearrested on the same charge, and that the case should no longer be in court. As relief, Applicant asks to "have this case dismissed, like the record the case is no longer. To be released of these charges."

A state prisoner may challenge the execution of his sentence under 28 U.S.C. § 2241. In the instant action, Mr. Hammond does not appear to be challenging the execution of his sentence. Instead, he appears to be challenging his conviction in Colorado state criminal Case No. 03-CR-487. If Mr. Hammond has been convicted in state court and believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state court remedies.

Regardless of the statutory authority for his claims, Mr. Howard must exhaust state remedies before he may raise his claims in federal court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). In addition, Applicant also must

demonstrate that he has exhausted his state remedies before he may raise his claims in federal court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state's highest court. *See Castille v. Peoples*, 489 U.S. 346, 350-51 (1989). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Although Mr. Howard has failed to comply with Rule 8, he will be given an opportunity to file an Amended Application on a proper form and to clarify his claims and the steps he has taken to exhaust his state court remedies. Accordingly, it is

ORDERED that Mr. Howard file **within thirty days from the date of this Order** an Amended Application that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Howard, together with a copy of this Order, two copies of the Court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form. It is

FURTHER ORDERED that if Mr. Howard fails within the time allowed to file an Amended Application as directed the Application will be denied and the action will be dismissed without further notice.

DATED February 7, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

                                              United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02558-BNB

Dossie Howard
Prisoner No. 51511
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on __7-7-07__

GREGORY C. LANGHAM, CLERK

By_____
     Deputy Clerk